## HOMER et al. v. McCURTAIN.

No. 3016.    Opinion Filed January 13, 1914.

Rehearing Denied February 17, 1914.

(138 Pac. 807.)

**INDIANS—Judgment—Will Contest—Jurisdiction.** Whether the will of a full-blood Indian who disinherits her spouse is acknowledged by a judge of the United States Court, or United States Commissioner, or a judge of the county court, pursuant to Act Cong. April 26, 1906, c. 1876, sec. 23, 34 St. at L. 145, is a question which involves the due execution and attestation of the will, over which the county court has jurisdiction in the contest proceeding provided for by section 5157, Comp. Laws 1909 (Rev. Laws 1910, sec. 6210), after the will is presented for probate; and the decision of that court upon that question, unless appealed from, is final and is not subject to collateral attack in a suit in partition filed by the spouse, wherein it is alleged that the will is void as to him on account of noncompliance with the federal statute in that respect.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*A. H. Ferguson, Judge.*

Action by Joshua McCurtain against Aaron H. Homer and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*J. M. Humphreys,* for plaintiffs in error.

*McPherren & Cochran* and *Chas. P. Abbott,* for defendant in error.

KANE, J. This was a suit, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defend-

ants below, for the purpose of partitioning certain real estate. The plaintiff claimed to be the owner of an undivided one-half interest in a certain tract of land by inheritance from his deceased wife, Zerena McCurtain, and that the defendants, who were also heirs of the deceased wife were entitled to the other undivided half. The defendants, by way of answer, alleged in substance that said Zerena McCurtain had, prior to her death, by her last will and testament, bequeathed to said plaintiff the sum of $1, and no more, and that by said last will and testament she bequeathed the balance of her property, including the land in controversy, to the defendants; that said will was duly made and executed on the 10th day of July, 1906, and on the 30th day of August, 1908, said Zerena McCurtain died; that on the 7th day of November, 1908, said will was probated by the county court of Atoka county, the county wherein said land was situated; that said plaintiff appeared in said court for the purpose of contesting said will and filed therein his contest, which said contest was by the court dismissed and said will admitted to probate and declared to be a valid and subsisting will; and that said last will and testament was ordered to be recorded and declared to pass both real and personal estate of said decedent, Zerena McCurtain; that said plaintiff did not appeal from said judgment of said county court, and that afterwards the estate of said Zerena McCurtain, deceased, was distributed by said probate court, pursuant to the terms of said will; that said plaintiff ought not to be permitted to say that said premises, or any part thereof, belong to him for the reason that he appeared and contested said will, and that said judgment was given against him in the county court of Atoka county; that he did not appeal therefrom, and said judgment, therefore, is a valid and subsisting judgment on the records in the county court of said county, and that said judgment was duly given on the merits of said case and duly considered in favor of the defendants. Thereafter a general demurrer was sustained to the answer of the defendants, and, declining to plead further, judgment was rendered against them, as prayed for by plaintiff, to reverse which this proceeding in error was commenced.

The proceeding is clearly a collateral attack upon the proceedings' of the county court in relation to the will, and, in our judgment, it was error to sustain the demurrer to the answer setting up an estoppel. Counsel for defendant in error state the propositions of law involved as follows:

"There is no question of fact involved in this appeal and but one question of law. The question of law is: Was the order of the county court of Atoka county, Okla., admitting the will to probate over the protest of the plaintiff, an adjudication of the question as to whether or not the said Zerena McCurtain had, by the provisions of the said will, so devised her said real estate as to disinherit the plaintiff, contrary to the Act of Congress of April 26, 1906 (34 St. at L. 145, c. 1876, sec. 23), which provided that: 'Every person of lawful age and sound mind may, by last will and testament, devise and bequeath all his estate, real and personal, and all interest therein, provided that no will of a full-blood Indian, devising real estate, shall be valid, if said last will and testament disinherits the parents, wife, spouse or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory or a United States commissioner?' "

The question propounded by counsel must be answered in the affirmative. By section 13, art. 7, Williams' Ann. Const. Okla., the general jurisdiction of the probate court was conferred upon county courts. Said section also provides in effect that the county court shall probate wills, transact all business appertaining to the business of deceased persons, including the sale, settlement, partition and distribution of the estates thereof. Section 5145, Comp. Laws 1909 (Rev. Laws 1910, sec. 6199), requires the custodian of a will to deliver the same to the county court for probate. Section 5146, *Id.* (Rev. Laws 1910, sec. 6200), prescribes who may petition the court for the probate of a will. The requisites of the petition are stated in section 5147, *Id.,* (Rev. Laws 1910, sec. 6201) ; section 5150, *Id.* (Rev. Laws 1910, sec. 6203), provides for hearing the petition and the form of notice to be given; section 5154, *Id.* (Rev. Laws 1910, sec. 6207), provides for contesting wills, and section 5157, *Id.* (Rev. Laws 1910, sec. 6210), prescribes the proceeding when the probate of a will is contested. The latter section provides:

"If any one appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county interested in the estate, any one or more of whom may demur thereto upon any of the grounds of demurrer allowed by law in civil actions. If the demurrer be sustained, the court must allow the contestant a reasonable time, not exceeding ten days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving: (1) The competency of the decedent to make a last will and testament; (2) The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence; (3) The due execution and attestation of the will by the decedent or subscribing witnesses; or, (4) Any other questions substantially affecting the validity of the will must be tried and determined by the court. On the trial the contestant is plaintiff, and the petitioner is defendant."

Section 5166, *Id.* (Rev. Laws 1910, sec. 6219), provides for contesting a will after probate upon the following grounds:

"(1) That a will of a later date than the one proved by the decedent, revoking or changing the former will, has been discovered, and is offered; or, (2) That some jurisdictional fact was wanting in the former probate; or, (3) That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or, (4) That the former will was not duly executed and attested."

Section 5172, *Id.* (Rev. Laws 1910, sec. 6225), provides that if any person after the probate of a will contests the same or the validity thereof, the probate of the will is conclusive, saving to infants and persons of unsound mind a like period of one year after their respective disabilities are removed.

It is quite clear that the foregoing constitutional provisions and legislative enactments constitute a comprehensive scheme for the judicial settlement of many questions relating to the wills of decedents, and confer exculsive original jurisdiction in such matters upon the county courts. We cannot readily recall to mind any thing affecting the validity of a will that cannot be tried by the county court under some of the grounds for contest provided for by sections 5157, *supra,* or 5166, *supra.* Cer-

tainly the questions sought to be raised by this collateral attack could have been adjudicated under either the third or fourth subdivision of section 5157.

Whether a will is acknowledged before or approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, or a judge of a county court of the state of Oklahoma, involves the question of due execution and attestation, and must have been passed upon adversely to the defendant in error in the contest instituted by him in the county court. As no appeal was taken from the action of the county court in the contest proceeding, the order entered therein must be held to be final as against this collateral attack. There seems to be no escape from this conclusion. *Ward v. Bd. of Com'rs of Logan County*, 12 Okla. 267, 70 Pac. 378, was a collateral attack upon a will in the form of an action in ejectment, upon the ground, among others, that the paper purporting to be the last will and testament was not duly executed. It was held:

"Where the probate court, having jurisdiction of the probate of a will admits such will to probate, and such order and judgment become final, it cannot be attacked collaterally in the district court in a suit in ejectment brought by the heirs to dispossess the devisee under the will of real estate devised to him by the terms of such will."

Other cases in point are: *State v. McGlynn*, 20 Cal. 233, 81 Am. Dec. 118; *Schultz v. Schultz,* 10 Grat. (Va.) 358. The latter case is fully annotated in 60 Am. Dec. 335, where the authorities are fully collected.

The judgment of the court below is therefore reversed and remanded, with direction to proceed in conformity with this opinion.

All the Justices concur.