## In re IMPUNNUBBEE'S ESTATE.

No. 4749. Opinion Filed October 12, 1915.

(152 Pac. 346.)

**WILLS—Contest—Petition—Requisites.** In a proceeding to contest the validity of a will, after the same has been admitted to probate, instituted in the county court pursuant to section 6219, Rev. Laws 1910, by "any person interested therein," upon any of the grounds of contest provided by section 6210, Rev. Laws 1910, it is mandatory upon such person to "file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth," shows the existence of the statutory ground or grounds for contest relied upon to avoid the deed.

(Syllabus by the Court.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Proceedings by Emily Wilson and another to contest the will of Mingo Impunnubbee, deceased, John C. Gillard executor. A judgment of the county court revoking pro-

bate of the will was reversed on appeal to the district court, and contestants bring error. Dismissed and remanded, with directions.

*Sigler & Howard* and *C. Hardy*, for plaintiffs in error.

*T. L. Wright* and *W. P. Davis*, for defendant in error.

KANE, C. J. This was a proceeding instituted by Emily Wilson and Richmond Peter, to contest the will of their deceased father and grandfather, respectively, after the same had been admitted to probate. The proceeding was instituted in the county court of Carter county, which court, upon hearing, revoked the probate of the will and set the same aside. Upon appeal to the district court, the judgment of the county court was reversed and judgment sustaining the will entered, whereupon the contestants instituted this proceeding in error for the purpose of reviewing the action of the district court.

In our judgment, the petition filed by the contestants does not state facts sufficient to confer jurisdiction upon either the county or district courts to entertain a contest to determine the validity of a will, after the same has been admitted to probate. Our statutes provide two methods for contesting a will before the county court. Section 6207, Rev. Laws 1910, provides for contest prior to probate, and section 6219 provides for contest after probate. The grounds for contesting a will under both sections are identical, except that in the latter case there is set forth an additional ground, to-wit:

"That a will of a later date than the one proved by the decedent, revoking or changing the former will, has been discovered."

The latter section, pursuant to which this contest proceeding was instituted (section 6219), reads as follows:

"When a will has been admitted to probate, any person interested therein may at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows:

"First. That a will of a later date than the one proved by the decedent, revoking or changing the former will, has been discovered, and is offered; or,

"Second. That some jurisdictional fact was wanting in the former probate; or,

"Third. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or,

"Fourth. That the former will was not duly executed and attested."

The petition of Emily Wilson, which is substantially the same as the petition of the other contestant, merely shows that on a certain day the will of the decedent was admitted to probate; that said contestant is the only child and only heir of said decedent, and as such, entitled to inherit his entire estate. Then follows all the statutory grounds for contesting a will after it has been admitted to probate, except the first, and the prayer—"that the probate of said alleged last will and testament of said Mingo Impunnubbee be set aside and revoked."

Whilst this petition is verified by the contestant, there is no effort to comply with the part of the statute which provides that the contestant "must file in the court in

which the will was proved a sworn petition in writing containing his allegations that evidence discovered since the probate of the will, the material facts of which must be set forth," showing that certain of the grounds of the contestant were not known at the time the will was offered for probate. Whilst practically all the grounds for contesting a will after it has been admitted to probate are set out in the petition substantially as they appear in the statute, the specific ground relied upon to avoid the deed is the fourth, that the will was not duly executed and attested. This is also one of the grounds for contesting a will before probate, and a question which must be judicially determined by the courts before probate, even if no person appear to contest the validity of the will. Sections 6208-6210, Rev. Laws 1910.

In *Homer et al. v. McCurtain,* 40 Okla. 406, 138 Pac. 807, it was held that whether a will is acknowledged before or approved by a judge of the United States Court for the Indian Territory, or a United States commissioner, or a judge of a county court of the state of Oklahoma, is a question which involves the due execution and attestation of the will, over which the county court has jurisdiction, and where it has been passed upon in a contest instituted in the county court prior to probate, it could not be tried again in a collateral attack upon the will. Applying the same reasoning to the case at bar, it would seem to follow that, as the question of due execution and attestation of the will was one of the questions necessarily involved in a former proceeding, it must be assumed that the county court passed upon it correctly. Ordinarily, in reason, the only circumstance that would warrant the same proposition being twice presented to the same tribunal in distinct proceedings would be a showing that formerly it

was not decided right. Obviously, this was the consideration which moved the Legislature to require such a showing in proceedings of this nature. It certainly was not contemplated that the question herein could be tried twice before the same tribunal, once in a contest before probate, and again in a contest after the will had been admitted to probate, without some showing that some change in the surrounding circumstances had taken place in the meantime which rendered such re-examination necessary.

For the reason stated, this proceeding is dismissed and remanded, with directions to proceed in conformity with the views herein expressed.

All the Justices concur.