The plaintiffs in error, Agnes, Fannie, Annie, and Clarence Taylor, are minors and appeared in the trial court and appear here by Hugh Pitzer, their duly qualified and acting guardian.
On September 3, 1915, Richard Hildebrand filed ill the county court of Osage county his petition for letters of administration upon the estate of John Hildebrand, deceased, the father of the petitioners. The petition, after reciting the jurisdictional facts, states:
"That a pretended will was made by the said John Hildebrand, but same is void for the reason that said John Hildebrand was not mentally competent to make a will, because of his lack of understanding." *Page 198 
After due notice of hearing, the court took the matter under advisement, subject to call. Before said petition had been acted upon and on October 26, 1915, the petitioner filed a second petition, entitled, "Petition for Probate of Will", in which was described particularly the property of the deceased, the names of his heirs at law, among whom were the plaintiffs in error, and in which it was alleged that the deceased, John Hildebrand, had made a purported will by which was bequeathed to David Hildebrand, a son, all of the property of the deceased; that since the execution of the will, said David Hildebrand had died; and alleged that said will was "void for the reason that the said John Hildebrand at the time of the execution of said purported will was mentally incapable of understanding the nature of the instrument; that he had for some time been sick; that the said will was not in form of law; that your petitioner desires the same offered for probate only that it may be disposed of, and the estate probated as required by law." The petition closed with the prayer:
"That said will be offered for probate, subject, however, to objections to its validity and that at said hearing should the same be declared invalid, that your petitioner be appointed administrator of the estate and that due notice be given of this application as required by law."
On November 30, 1915, at the hearing of the last-named petition, the petitioner was present in person and by attorneys. Other heirs of the deceased were present in person and by attorneys and the attorneys for the guardian of plaintiffs in error were present. Notice of this hearing was given plaintiffs in error by mailing copies to them as required by law. At this hearing the will was admitted to probate, and letters of administration were duly issued to E.J. McCurdy. No appeal was taken from this order.
On April 22, 19169 the court entered an order entitled: "Journal entry overruling motion to vacate order admitting will to probate." It is not shown ion whose motion the hearing was had, and no motion appears in the record. The order recites that the plaintiffs in error appeared by their guardian, Hugh Pitzer, by his attorneys, Grinstead Scott. On April 28, 1916, a notice of appeal was filed signed by "Hargis Conwell, Attorneys for Pro." This notice, together with a transcript of the proceedings, was filed and docketed in the district court as case No. 3225. On December 29, 1916, plaintiffs in error, by their guardian, Hugh Pitzer, filed their verified petition in the county court to revoke the probate of said will, in which petition it is alleged, in substance: That the plaintiffs in error are children and heirs of Lizzie Taylor, a deceased daughter of John Hildebrand, deceased; that said Lizzie Taylor died prior to the death of John Hildebrand; that at the time of the execution of said will said John Hildebrana was not of sound and disposing mind; that at such time and for a long time prior thereto he was afflicted with senile dementia, and by reason thereof was wholly without mental capacity to understand the nature of a will, and was at said time insane; that said will was not signed by said John Hildebrand in the presence of the persons whose names are purported to be signed as witnesses thereto; that neither of said persons signed said will in the presence of, or at the request of, said John Hildebrand, and that he did not declare the same to be his last will and testament; that for a long time prior to his death said John Hildebrand was incapable of taking care of himself and was in constant need of care and attention of some other person; that during all this period he resided with and was attended by his son, David Hildebrand, and Mary Hildebranct, the wife of David Hildebrand, and was directly dependent upon them for care and attention, and that said David and Mary Hildebrand acquired, and at the time of the execution of said purported will, had a great undue and controlling influence over the mind and will of said John Hildebrand, and that they were thereby able to, and did, direct and dictate to him what he should do in matters relating to his property; that said John Hildebrand was unable to resist the undue influence of said David and Mary Hildebrand, and at their special direction and dictation he executed said will, and had he been free from said undue influence he would not have executed said will; and that these facts have come to the knowledge of said petitioners since the 30th day of November, 1915; and praying that said will be revoked and declared of no effect whatever, and that the letters of administration issued to said E.J. McCurdy be revoked. Thereafter, citation was issued and served and the defendants in error appeared and filed the following motion:
"Comes now Mary Hildebrand White for herself and as legal guardian of her minor child, Nancy J. Hildebrand, by her attorney, A.M. Widdows, and moves the court to dismiss and strike from the files the purported petition filed herein entitled petition to revoke probate of will, for the following reasons, to wit:
"(1) That the said petitioners named in said petition, to wit, Agnes Taylor, Fannie Taylor, Annie Taylor, and Clarence Taylor, by their legal guardian, Hugh Pitzer, were parties to and appeared throughout the proceedings *Page 199 
hereinbefore had in this court in the matter of the contest of said will. That after full hearing, judgment was rendered by this court on November 30, 1915, admitting the will of John Hildebrand to probate. That matters alleged in said petition were all at issue in said contest. That thereafter Petition to revoke probate of said will was filed. That the files in said cause have been lost or mislaid, but these movants believe and therefore aver that said petition to revoke probate of will was filed by the same petitioners, to wit: Agnes Taylor, Fannie Taylor, Annie Taylor, and Clarence Taylor, by their legal guardian, Hugh Pitzer. That the former petition by said petitioners was decided adversely to said petitioners by this court on April 22, 1916. That an appeal has been taken from the said proceedings in this court, and said matter is now pending in the district court on appeal.
"Wherefore it is prayed that this court dismiss the petition to revoke probate of will filed on."
On January 30, 1917, the court sustained said motion and ordered the petition dismissed. From this order plaintiffs in error appealed to the district court, and said appeal was docketed as case No. 3663. On April 13, 1917, the district court overruled the motion of defendants in error to dismiss the appeal of plaintiffs in error, and ordered case No. 3225 consolidated with this last case No. 3663. On May 3, 1917, case No. 3225 was dismissed and remanded to the county court. On December 10, 1917, this cause came on for trial in the district court upon the issues raised by the respective parties in the county court and the court made an order dismissing the contest petition of the plaintiffs in error, and affirming the judgment of the county court, and it is from this judgment that the plaintiffs in error appeal.
The journal entry of December 10, 1917, recites that:
"The court, after hearing the evidence and arguments of counsel and being fully advised in the premises, finds that the contest proceedings filed herein by Hugh Pitzer, as legal guardian of Agnes Taylor, Fannie Taylor, Annie Taylor, and Clarence Taylor, should be dismissed. To which findings of the court the said Hugh Pitzer, as legal guardian of Agnes Taylor, Fannie Taylor, Annie Taylor, and Clarence Taylor, object and except. * * *"
The record discloses that the pleadings upon which this judgment was based consist of the petition of the plaintiffs in error to revoke probate of will and the motion of the defendants in error to dismiss said petition; the grounds for dismissal being that the matters alleged in said petition were all at issue on the hearing of the petition for probate of will on November 30, 1915, and were again at issue on the hearing on April 22, 1916. The record does not show that any written grounds of opposition to probate of said will were filed as required by section 6210, Rev. Laws 1910, and, indeed the allegations of the petition for probate would hardly justify an opposition, for the petition itself pleads the invalidity of said will, and that it is offered for probate subject to objections to its validity, and that it is offered only that it may be disposed of and the estate probated as required by law. The record does not show the evidence upon which the county court based his judgment admitting the will to probate. Neither does it show any petition, motion, or other pleading or any evidence upon which the order of April 22, 1916, overruling motion to vacate order admitting will to probate, was based. Neither does it show by whom said motion to vacate was filed, if, in fact, such motion was filed. There does appear a notice of appeal signed by "Hargis Conwell, Attorneys for Pro.," but C.H. Hargis, a member of said firm, testified that said firm represented Richard Hildebrand, and did not represent the plaintiffs in error. It is impossible for us to determine from the record upon what grounds or theory the judgment dismissing the petition of plaintiffs in error was based. As there is a total lack of evidence on the merits, we assume that the court took the view that there had been a former adjudication of the matters involved, and for that reason sustained the motion of the defendants in error.
Our statute provides two methods before the county court for contesting a will. Section 6207, Rev. Laws 1910, provides for contest prior to probate, and section 62.19 provides for contest after probate. The latter section reads as follows:
"When a will has been admitted to probate, any person interested therein may at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a sworn petition in writing containing his allegations, that evidence discovered since the probate of the will, the material facts of which must be set forth, shows: First. That a will of a later date than the one proved by the decedent, revoking or changing the former will, has been discovered, and is offered; or, Second. That some jurisdictional fact was wanting in the former probate; or, Third. That the testator was not competent, free from duress, menace, fraud, or undue influence when the will allowed was made; or, Fourth. That the former will was not duly executed and attested." *Page 200 
In the petition facts are alleged showing that the testator was not competent and that be was not free from duress and undue influence when the will allowed was made, and it is further shown that the facts alleged have come to the knowledge of the petitioners since the 30th day of November, 1915, the date on which said will was admitted to probate, and the petition, being sworn to, substantially complied with such statutory requirements.
It is also alleged that the will was not executed in the manner and form required by law. If this were the only ground relied upon, plaintiffs would be precluded by the judgment admitting the will to probate, as that question must have been judicially determined by the county court before probate, even if no person appeared to contest the validity of the will. Sections 6208 and 6210, Rev. Laws 1910; In re Impunnubbee's Estate, 49 Okla. 161, 152 P. 346; Homer et al. v. McCurtain,40 Okla. 406, 138 P. 807. But this is not the only ground relied upon by plaintiffs in error.
It is not the policy of the law to permit the same question to be tried twice before the same tribunal, once in a contest before probate and again in a contest after probate upon the same state of facts, but there is nothing in the record in this case showing upon what grounds the contest before probate was based, and the evidence, if any, offered at the hearing is not shown, and if the facts set forth in the petition were not presented at the hearing of the contest before probate and were, as alleged, discovered thereafter, the plaintiffs in error were entitled to be heard thereon regardless of the fact that they may have appeared at the hearing before probate and presented other grounds of contest unless they are precluded by the judgment of April 22, 1916.
It does not appear that any notice of the hearing of April 22, 1916, was served on plaintiffs in error, and the petition or motion made the basis of this judgment is not shown. In fact, the only thing appearing in the record indicating that any action was had seeking to vacate the order admitting the will to probate is the order of April 22, 1916, in which it is recited that the plaintiffs in error appeared by their legal guardian, Hugh Pitzer, by his attorneys, Grinstead Scott. This order does not show that the plaintiffs in error filed any pleading or that they sought the vacation of the order admitting the will to probate, or that they contested the probate, and the evidence of C.H. Hargis, one of the attorneys for the movant in that proceeding, shows that he appeared for Richard Hildebrand, and did not appear for the plaintiffs in error.
The Supreme Court of California, in the case of In re Robinson's Estate, 39 P. 862, in construing sections 1312 and 1330 of the Code of Civil Procedure, section 1312 being identical with section 6210 of our statute except that it gives the contestants the right of a trial by a jury, uses the following language:
"Section 1330, Code Civ. Proc., provides: 'In all cases of petitions to revoke the probate of a will wherein the original probate was granted without a contest, on written demand of either party, filed three days prior to the hearing, a trial by jury must be had, as in cases of the contest of an original petition to admit a will to probate.' It is contended, however, on behalf of the respondents, that by reason of the opposition to the original probate of the will which was filed by Sanford Robinson, the provisions of this section have no application. Before there can be a contest to the probate of a will, the contestant is required by section 1312, Code Civ. Proc., to file 'written grounds of opposition' to its probate, and the petitioner and others interested in the will may answer these grounds of opposition; and it is the 'issues of fact thus raised' which this section authorizes to be tried by a jury. The 'contest' does not arise unless the written grounds of opposition present such issues of fact for determination. There can be no 'contest' unless the written grounds of opposition are of such a nature as to form a legal objection to granting the probate of the will; and unless, also, the contestant presents these grounds for the consideration of the court. Unless the grounds of opposition are followed up by an attempt to sustain them, the probate of a will is not contested. If, after filing his opposition, the contestant immediately withdraw it, without invoking any decision of the court thereon, he cannot be said to 'contest' the probate; nor can it be held that every document filed by the contestant constitutes a contest, even though it may contain written grounds of opposition, and may be entitled a 'contest.' The contents and character of the document, and the action taken thereon by the contestant, as well as the action sought by him from the court, must also be considered."
The record not showing that the plaintiffs in error contested the will at the hearing had on April 22, 1916, and not showing the evidence, if any, taken at said hearing and not showing the petition or motion upon which said order was based, or the issues involved, the plaintiffs in error are not precluded from maintaining this proceeding. The burden of proving a former adjudication was upon the defendants in error. I Van Fleet's Former Adjudication, sec. 274; Ex parte Stevenson,20 Okla. 549, 94 P. 1071. And likewise, the *Page 201 
plea of another action pending is an affirmative defense and casts upon the party pleading it the burden of proving such action and its pendency when the second action was brought, and identity of causes of action, issues, and relief sought, I C. J. 106.
It is the universal rule that it is the duty of the court to guard with jealous care the rights of a minor in actions brought against him or in which his rights are affected, and the courts should never deprive him of those rights, unless it clearly appears that his adversary is entitled to the relief sought. No presumption against an infant can be permitted, but, on the contrary, every presumption is indulged in his favor, and where it is sought, as in this case, to preclude the minor from contesting a will after probate, it is incumbent upon the opposing party to show that the minor had previously contested on the same grounds contained in his petition.
We have carefully examined the record, and are convinced that the plaintiffs in error are entitled to a hearing on their petition, and that the trial court erred in dismissing their appeal.
For the reason stated, the judgment of the trial court is reversed, and the cause remanded, with directeions to proceed in accordance with the views herein expressed.
HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.