### In re ESTATE OF HART.
### TURNER v. PORTER et al.

No. 14861—Opinion Filed Dec. 23, 1924.

Rehearing Denied Feb. 17, 1925.

**1. Wills—Probate—Certificate of Proof by Judge not Part of Judgment Roll.**

In a proceeding in the county court, where a will has been admitted to probate, the proofs taken and preserved in such proceeding, pursuant to sections 1107, 1110, and 1111, Compiled Statutes 1921, relate to matters outside the scope of the judgment of the court in such proceeding and form no part of the judgment roll or record proper therein.

**2. Wills—Contest—Burden of Proof.**

In a contest of a will which had theretofore been duly admitted to probate, the burden of proof is on the contestant to establish his grounds of contest.

**3. Wills—Testamentary Capacity.**

When the testator in making a will understands the nature and consequence of his acts and is free from duress, menace, fraud, and undue influence, he has testamentary capacity.

**4. Same—"Undue Influence."**

Undue influence, such as will invalidate a will must be something which destroys the free agency of the testator at the time when the instrument is made, and which, in effect, substitutes the will of another for that of the testator. It is not sufficient that the testator was influenced by the beneficiaries in the ordinary affairs of life, or that he was surrounded by them and in confidential relations with them at the time of its execution.

**5. Same—Appeal—Finding of Testamentary Capacity Sustained.**

Where the evidence reasonably supports a finding of testamentory capacity, the same will not be disturbed on appeal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; W. B. Williams, Judge.

In the matter of the estate of George S. Hart, deceased. A will contest by Mrs.

M. D. Turner, as contestant, against Mrs. Maude E. Porter and George S. Berry, as contestees. From a judgment of the district court affirming a judgment of the county court, denying the contestant any relief and dismissing her petition, contestant brings error. Affirmed.

E. F. Cadwell and Moss & Owen, for plaintiff in error.

Poe & Lundy, Errol L. Joyce, and F. O. Cavitt, for defendants in error.

Opinion by FOSTER, C. This appeal is prosecuted by Mrs. M. D. Turner, plaintiff in error, against Mrs. Maude Porter and George S. Berry, defendants in error, to reverse a judgment of the district court of Tulsa county, refusing to revoke the probate of a certain instrument purporting to be the last will and testament of George S. Hart, deceased, which had theretofore been admitted to probate in the county court of Tulsa county.

The plaintiff in error was the contestant and the defendants in error were the contestees in the court below, and the parties will be hereinafter referred to as they were designated in the trial court.

It appears that the deceased, George S. Hart, for a number of years prior to his death, resided in Tulsa, Okla., and had accumulated considerable property, consisting largely of a substantial share of the capital stock of certain corporations located in Tulsa, Okla., known as the Henry Hart Company and the Interurban Land Company. The deceased was jointly interested in these corporations with one of the contestees, George S. Berry, who also owned a substantial share of the capital stock in said corporations.

It appears that some time during the year 1919, the wife of George S. Hart died and Mrs. Maude E. Porter, one of the contestees herein, thereupon entered the employ of the deceased, George S. Hart, as general housekeeper and continued such employment until the death of George S. Hart, in the month of June, 1921.

It appears that on the 14th day of May, 1921, said George S. Hart executed an instrument purporting to be his last will and testament, by which he bequeathed to the contestees in equal shares all of the stock owned by him in the Henry Hart Company and the Interurban Land Company, subject to a certain restriction upon the disposal of the share of Mrs. Porter, and bequeathed all the rest of his estate of every kind and wherever situated to the contestee, Mrs. Maude E. Porter.

A petition was filed in the county court of Tulsa county on July 15, 1921, to probate said will, and thereafter on August 2, 1921, pursuant to certain notices by publication and by mailing, an order was entered by the county court admitting said will to probate and appointing Mrs. Maude E. Porter and George S. Berry executrix and executor respectively, they being named as such in the will, who thereupon immediately qualified and entered upon the discharge of their duties.

It further appears that the testator died without issue, but that he left surviving him as his sole and only heir, residing in the state of Oklahoma, Mrs. M. D. Turner, a half sister, the contestant herein, who thereafter and on February 23, 1922, filed her petition in the county court of Tulsa county to set aside the probate of said will, alleging, among other things, as grounds therefor: First, that the county court had acquired no jurisdiction to probate said will and that the proceedings were irregular and void; second, that the testator was not competent, free from duress, menace, fraud, and undue influence at the time said will was made; and third; that said will was not duly executed and attested as required by law; that she had no knowledge of the pretended probate thereof on August 2, 1921, although the proponents of said will well knew her name and post office address; that she was deprived of her right to be present in said court on said date and contest the admission of said will to probate; that said will was admitted to probate without any proof of said will being made or shown on the face of the record admitting said will to probate; that the testator did not possess testamentary capacity to make a will; that the same was procured by undue influence, fraud, and duress, asserted and practiced upon him by the contestees herein and beneficiaries under said will, and that the said will was not executed and attested as required by law.

Separate responses to the petition of the contestant were filed by the contestees, and upon a hearing had in the county court on the 29th day of June, 1922, the court entered an order dismissing the petition of the contestant and confirming its order of August 2, 1921, by which the will was admitted to probate.

The contestant appealed to the district court of Tulsa county and the matter came on for trial in its regular order on the 7th day of February, 1923. At the beginning of the trial, contestant moved the court to reverse the judgment of the county court admitting the will to probate and to remand

the cause to the county court of Tulsa county for further proceedings, which motion was by the court overruled and exceptions thereto reserved.

On request of both parties, a jury was called and empaneled. The court thereupon directed the contestant to proceed with her evidence, to which action of the court the contestant objected on the ground that the burden of proof rested upon the contestees. The objection was overruled and exceptions reserved by the contestant.

After the introduction of the evidence on behalf of the contestant, a demurrer was sustained to the evidence and judgment rendered by the court denying and dismissing the petition of the contestant to set aside the probate of said will. Motion for a new trial was filed, and overruled, and the contestant brings the matter regularly on appeal to this court to review the judgment of the trial court dismissing and denying her petition.

Several errors are assigned as ground for reversal which are discussed by the contestant under two propositions: First, that the judgment of the county court admitting the will to probate is void on its face; and, second, that the court erred in sustaining the demurrer of the contestees to the evidence introduced on the part of the contestant. These propositions will be considered in their order.

The record discloses that on the second day of August, 1921, a certificate of proof of the will was signed by the county judge, and this certificate, together with the will and the purported depositions of the two subscribing witnesses, William Pringle and Mrs. William Pringle, were filed as a part of the record and proceedings had in the county court in connection with the probate of said will.

The depositions referred to appeared in the form of ex parte affidavits purporting to have been executed in open court on July 28, 1921, four days prior to the day of hearing before one Y. E. Simms, a notary public of Newton county, Mo.

These affidavits on their face show that the subscribing witnesses named did not have before them at the time the original will, but only what purported to be a certified copy thereof.

We think it may be stated that these instruments in the form in which they appear in the record fail to even substantially comply with the legal definition of testimony as that term is used in the authorities. And if these purported depositions constitute a part of the judgment roll or record proper of the county court of Tulsa county in admitting the will in question to probate, it must follow as an inevitable conclusion that the judgment is void on its face.

It is contended by the contestant that proofs taken upon a hearing to admit a will to probate are a part of the judgment roll or record proper in that proceeding. We are unable, however, to agree with contestant in this contention.

It is true that sections 1102, 1110, and 1111, Comp. Stats. 1921, provide that the court must hear testimony in proof of the will, and that a certificate thereof must be signed by the judge under the seal of the court and attached to the will, and the certificate, the will, and the evidence taken filed by the judge and recorded by him in a book to be provided by the county for that purpose, but these provisions of the statute must be regarded as merely directory and as relating to a matter outside the scope of the judgment proper.

The order admitting the will to probate is the judgment in the case, and if this judgment recited that testimony was heard upon which the will was admitted to probate, it would be a valid judgment upon its face, and not subject to attack because the court during the progress of the trial or subsequent thereto may have omitted to comply with certain statutory requirements relating to the preservation of the proofs taken at the trial or because the record made in attempting to comply with such statutes might show affirmatively that such proofs did not amount to legal testimony as that term is used in the authorities. Under section 1108, Comp. Stat. 1921, the presumption must be indulged that the will was admitted to probate upon the testimony of other witnesses if the subscribing witnesses were shown to be nonresidents of the county and not present at the trial.

It must be noted, under section 1107, Comp. Stats. 1921, that it is only when the judgment admits the will to probate that there is any requirement made for the preservation of the proofs adduced at the trial. It surely cannot be urged that a judgment of a probate court rejecting the probate of a will would be any less a judgment because of that fact, yet it is specifically provided by the section of our statute just referred to that the proofs shall be preserved only when the judgment admits the will to probate.

If these proofs are to be regarded as a part of the judgment or record proper, they should undoubtedly be made a part of a

IN RE ESTATE OF HART

judgment rejecting the probate of a will and preserved as such, as well as a part of a judgment admitting a will to probate.

This statutory scheme, we think, rejects the idea that these proofs are any part of the judgment roll or record proper. The statute was enacted obviously for the additional protection and benefit of beneficiaries under a will that had been regularly admitted to probate and not as relating to anything within the scope of the judgment itself.

The rule has been established, we think, by the authorities that in the judgment of a probate court, as in judgments of other courts of general jurisdiction, it is not necessary that the judgment should contain a recitation of the facts upon which the jurisdiction of the court depends, and it will be inferred from the judgment that the facts necessary to its proper rendition have been found to exist. Greer v. McNeal et al., 11 Okla. 519, 69 Pac. 891; Ward v. County Commissioners, 12 Okla. 267, 70 Pac. 378.

Our conclusion is that the certificate, the will, and the proofs required to be preserved under the statute upon the admission of the will to probate are no part of the judgment or record proper, and that the judgment of the county court of Tulsa county admitting the will of George S. Hart to probate is not void on its face because it is made to appear on the face of other proceedings occurring at the trial that the proofs required to be preserved in said proceedings did not amount to legal proof.

The jurisdiction of the probate court of Tulsa county to admit the will in question to probate did not depend upon or relate to anything appearing on the face of these proceedings. There is no contention made, as we understand it, that the judgment is void because of the absence of some jurisdictional fact other than as stated by counsel in the proposition under discussion.

It follows, we think, without argument that if the judgment of the county court of Tulsa county was not void on its face, the court committed no error in requiring the contestant to assume the burden of proof. The contestant was confronted by a judgment rendered, which she sought to have set aside under the provisions of the statute where the preliminary proof as to the execution of the will and the testamentary capacity of the testator had been made, and the burden of proof was on the contestant to show a state of facts which would warrant the court in setting the probate aside. Dickey v. Dickey, 66 Okla. 269, 168 Pac. 1018. In re Impunnubee's Estate, 49 Okla. 161, 152

Pac. 346; In re Hayes, 55 Colo. 340, 135 Pac. 49; 28 R. C. L. page 398.

It is next contended that the court erred in sustaining the demurrer of the contestees to the evidence introduced on the part of the contestant.

There is nothing in the evidence which lends support to the theory that the testator was unable to understand the nature and consequence of his act in making a testamentary disposition of his property or to decide correctly upon the objects of his bounty.

The main argument of the contestant is rested upon the proposition that the testator, George S. Hart, was unduly influenced by the beneficiaries under his will to such an extent that the will was not the act of the testator, but the act of the beneficiaries.

The evidence discloses that for a number of years prior to his death the testator was the object of considerable attention by the contestee, Maude E. Porter, in relation to the ordinary affairs of his life, but there is no evidence, so far as our examination of the evidence discloses, that these attentions destroyed the free agency of the testator or compelled him to act in disposing of his property in obedience to the will of Mrs. Porter. Neither does it appear that the influence which it is claimed was exerted was brought to bear directly upon the act of the testator in disposing of his property.

It is true that the testator had relatives by blood, among them being the contestant, who no doubt had claims upon his bounty, but courts have no power to control the right of an individual to do with his own as he pleases so long as he possesses testamentary capacity and no undue influence has been exerted upon him.

It may be conceded that the contestee, Maude E. Porter, exerted a rather unusual influence upon the testator in relation to his ordinary household affairs, but if we are to conclude that these influences were exerted also upon the act by which he disposed of his property, such conclusion under the evidence in this case would have to be based upon mere suspicion, and this we are not permitted to do. The evidence is that the testator alone and unaided dictated the will in question to his attorney; that he had not previously advised with his business associate, George S. Berry, one of the beneficiaries in the will, and whether or not the other beneficiary, Mrs. Porter, had in any manner advised with him in reference to the will, it is clear that she was not present at the time it was drawn. In re

Cook's Estate, 71 Okla. 94, 175 Pac. 507, this court, speaking through Mr. Justice Kane, said:

"Undue influence, such as will invalidate a will, must be something which destroys the free agency of the testator at the time when the instrument is made, and which, in effect, substitutes the will of another for that of the testator. It is not sufficient that the testator was influenced by the beneficiaries in the ordinary affairs of life, or that he was surrounded by them and in confidential relations with them at the time of its execution. Mere general influence, not brought to bear on the testamentary act, is not undue influence; but, in order to constitute undue influence, it must be used directly to procure the will, and must amount to coercion destroying the free agency of the testator. Mere suspicion that undue influence was brought to bear is not sufficient to justify the setting aside of the will. Estate of Keegan, 139 Cal. 123, 72 Pac. 828; McCullock v. Campbell, 49 Ark. 367, 5 S. W. 590; Westcott v. Sheppard, 51 N. J. Eq. 315, 25 Atl. 254, 30 Atl. 428.

"It is true from the nature of the subject that proof of undue influence is necessarily largely or wholly circumstantial, and the contestant is not confined to the facts which he may be able to adduce, but is entitled to all the natural inferences which may be derived from established facts. But the will of a person found to be possessed of sound mind and memory, ought not to be set aside on evidence tending to show only a possibility of undue influence. The express intentions of the testator should not be thwarted without clear reason therefor. The right to make a will includes the right to make it according to the testator's own desires, subject only to the statutory restrictions. Unequal or unnatural provisions in themselves raise no presumption of undue influence. They may be considered with other evidence in determining the question, Is this the testator's will? but they do not shift the burden of proof, and, in the absence of proof that undue influence has been exercised, they have no weight. If the will is expressive of the testator's wishes lawfully made, the opinions of other persons, however they may condemn its motive or disapprove its scheme, cannot in any way rightfully control his power to do with his own as he pleases, without impairing one of the incidents which give to every man's property its value."

See, also, In re Estate Henry L. Pittock (Ore.) 199 Pac. 633; Ginter v. Ginter, 79 Kan. 721, 101 Pac. 634; 28 R. C. L., section 94, pages 140, 141.

It is insisted that the demurrer to the evidence should have been overruled under the rule announced in this jurisdiction to the effect that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences which may reasonably be drawn therefrom.

It must be borne in mind, however, that will contest cases are of purely equitable cognizance, and therefore the verdict of the jury which was empaneled by agreement of the parties should be received only as advisory to the court, upon whom the burden ultimately rested to weigh the evidence and determine the issues joined in the case.

The court in the instant case sustained the demurrer to the evidence, discharged the jury, and thereupon rendered judgment in favor of the contestees dismissing the petition of contestant.

It is obvious, therefore, that the trial court not only sustained the demurrer, but rejected the advice of the jury and proceeded to weigh the evidence, which it had a right to do at the earliest possible time during the progress of the trial when no right of the contestant would be cut off or impaired by its so doing. See Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489.

Under the rule announced in the case just cited, we are clearly of the opinion that the trial court was right in sustaining the demurrer interposed to the evidence of the contestant at the conclusion of her testimony and thereupon rendering judgment in favor of the contestees.

Upon a careful examination of the entire record we are satisfied that the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.