WREN, Ex'x, v. SCOTT.

No. 30793. April 13, 1943.

*136 P. 2d 877.*

C. H. Baskin, of Holdenville, for plaintiff in error.

Dwight Tolle, of Okemah, for defendant in error.

PER CURIAM. On the 3rd day of September, 1940, Sarah Malindy Wren, as executrix of the last will and testa-

ment of Essie Patterson, deceased, filed in the county court of Okmulgee county her petition to admit to probate a will dated November 18, 1937, and a codicil thereto dated August 19, 1940.

On the 23rd day of September, 1940, the county court entered an order admitting the will and the codicil thereto to probate. Thereafter, on the 11th day of April, 1941, the executrix filed her final account and petition for distribution of the estate. One of the legatees filed objections as to a portion of the account. On the 16th day of June, 1941, the court sustained the objections and otherwise approved the final account and entered a decree of distribution.

Sarah Malindy Wren appealed from the order of the county court, and on the 9th day of July, 1941, the superior court heard the appeal on questions of law and fact and entered its order affirming the order allowing the final account and decreeing distribution, and it is from this order that the present appeal is prosecuted.

The petition in error presents two allegations of error: (1) The judgment is not sustained by sufficient evidence; (2) the judgment is contrary to law.

The first proposition presented under these two allegations is that the codicil was invalid. We are of the opinion, and hold, that the present plaintiff in error is not in a position to contest the order admitting the will and codicil to probate entered by the county court on the 23rd day of September, 1940.

58 O. S. 1941 § 61 provides that when a will has been admitted to probate any person interested therein may, at any time within one year after such probate, contest the same or the validity of the will. The purpose of that section is to allow anyone interested in the will, alleging facts discovered since the probate of the will, to bring the proper proceeding within one year to attack its validity. In re Impunnubbee's Estate, 49 Okla. 161, 152 P. 346; In re Blackfeather's Estate, 54 Okla. 1, 153 P. 839. In the case at bar the executrix offered the will for probate and acquiesced in the order of September 23, 1940, thereafter conducting a sale of property under order of the court and generally administering the estate. As above set out, she presented her final account and asked for a distribution of the estate under the will and codicil admitted to probate under a former order of the court. She has filed no petition to contest the will as provided by 58 O. S. 1941 § 61, and stands in no position to contest the validity of the order admitting the will to probate.

The second proposition is that the court did not make a proper distribution of the estate under the terms of the will. By the terms of the original will the testator left all of her property to her mother, the plaintiff in error. By the codicil the testator made a specific bequest to Irene Scott of a Chevrolet automobile, certain money on deposit in the postal savings account, and her best diamond ring. She made a further bequest to Ollie Wren of $117 due the testator from a private individual. The automobile was subject to liens of approximately $205, said indebtedness being incurred prior to the death of the testator. Certain debts in addition to these liens were due in the approximate amount of $155 at the date of the decree of distribution. During the proceedings the automobile was sold by order of the court on the application of the plaintiff in error acting as executrix.

It is the theory of the plaintiff in error, among other things, that Irene Scott should pay out of her share of the estate the indebtedness against the automobile. The court ordered that Irene Scott receive $167, the amount in the postal savings account; the best diamond ring as provided by the will, and the sum of $205, the amount which the automobile brought at the sale. The court also approved the specific bequest to Ollie Wren of the $117 due the estate from the private individual. Plaintiff in error alleges that the automobile was sold not only by order of court but in order to satisfy the mortgage indebtedness on said automobile. Plaintiff in error asserts that

under the provisions of 58 O. S. 1941 § 472, all the devisees and legatees must contribute according to their respective interests in the payment of the debts and then distribution should be made of the balance. We hold that the proper procedure to be followed is set out in 84 O. S. 1941 §§ 1, 2, and 3. It is not disputed that there is sufficient property in the estate to satisfy the specific bequests and to pay all the debts. The will provided for the payment of all just debts of the testator. Under such circumstances a specific bequest cannot be defeated by a sale of the property. The plaintiff in error was a residuary legatee, and under the provisions of the will and the above sections the property not covered by the specific bequests must be sold to pay the debts of the estate and to satisfy the specific bequests to Irene Scott and Ollie Wren. There was no error in the order of distribution.

The judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur. OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., absent.