## GILLESPIE v. WILSON et al.

No. 11456—Opinion Filed July 24, 1923.

Rehearing Denied Feb. 12, 1924.

(Syllabus)

1. **Indians—Validity of Wills of Full-Blood Disinheriting Grandchild.**

By virtue of section 23 of the act of April 26, 1906, as amended by the act of May 27, 1908, a full-blood Choctaw Indian, of lawful age and sound mind, may devise and bequeath all of his estate, real and personal, subject to the conditions contained in the proviso to said act. Held, a grandchild is not within the persons mentioned in the proviso, and although the will disinherits a grandchild, the proviso does not apply, and the will need not be acknowledged as required by the proviso.

2. **Courts—Stare Decisis—Overruled Case as Law of the Case.**

What has been decided by a case afterwards overruled continues to be the law of the case between the parties and those claiming under them.

3. **Judgment—Binding Effect Unless Reversed.**

A judgment, although erroneous, is binding between the parties unless reversed.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by Emely Wilson, nee Peter, and another against F. A. Gillespie and others for possession and to remove cloud from title. Judgment for plaintiffs, and Gillespie brings error. Reversed and remanded, with directions.

William L. Lawrence, John J. Stobaugh, and James P. Gilmore, for plaintiff in error.

Cornelius Hardy, for defendants in error.

McNEILL, J.　The defendants in error Emely Wilson, nee Peter, and Richardson Peter commenced this action in the district court of Johnston county, against the plain-

tiff in error, to recover possession of land and to cancel from the records of said county as a cloud upon the title of defendants in error, a will of Impunnubbee recorded in book 7, records of Johnston county, a decree of the county court of Carter county probating the will of Impunnubbee, recorded in Johnston county a decree of district court of Carter county rendered September 10, 1912, reversing, canceling, and setting aside a decree of county court of Carter county canceling, setting aside, and holding for naught the probate of the will, which judgment of the district court sustaining the decree of the court probating said will was recorded in Johnston county, and the mandate of this court affirming the decree of the district court of Carter county in sustaining the decree of the court probating the said will, which was recorded in Johnston county, and also the deed from Gillard to Wright dated December 14, 1914, recorded in Johnston county, and a deed from Wright to Gillespie dated January 28, 1916, recorded in Johnston county. To this petition F. A. Gillespie filed a separate answer, pleading the above orders and judgments were res adjudicata regarding the title to said land, and asking to quiet his title.

The undisputed facts are as follows: Minco Impunnubbee was a full-blood Choctaw Indian, and received his homestead allotment and surplus allotments. On January 5, 1910, he died possessed of said allotments, leaving as his sole and only heirs Emely Wilson, nee Peter, his daughter, and Richardson Peter, a grandson. Prior to his death he executed a will devising to Emely Wilson, his daughter, his homestead allotment and certain personal property. To this grandchild Richardson Peter he bequeathed $25, and to John G. Gillard his surplus allotment. In January, 1910, the will was duly probated in Carter county.

The will was witnessed by three witnesses and signed and acknowledged before a notary public, but did not disclose it was acknowledged and approved as required by section 23 of the act of April 26, 1906, amended by act of May 27, 1908. After the will was probated, Emely Wilson, nee Peter, and Richardson Peter instituted a proceeding contesting said will. A hearing was had before the county court, and the county court set aside and held for naught the will theretofore probated. An appeal was taken from said judgment of the county court to the district court of Carter county, and on September 10, 1912, the

district court annulled and set aside the decree of the county court revoking and annulling and declaring null and void said will. The district court found as a fact that the will was executed as required by law, that the testator was of sound mind at the time of executing said will, and was free from duress and undue influence, and that the will did not disinherit any child of said testator. From said judgment an appeal was prosecuted to this court. This court on October 12, 1915, affirmed the decision of the district court, In re Estate of Impunnubbee, 49 Okla. 161, 152 Pac. 346. After the decision of this court became final, and in 1916, the land was conveyed to F. A. Gillespie, the plaintiff in error herein.

In 1918, Emely Wilson, nee Peter, and Richardson Peter brought this case in the district court of Johnston county and demanded the relief heretofore referred to.

It is contended by the defendants in error that the will in so far as it related to the restrictions of the land was void, for the reason the same was not approved by the officers as required by section 23 of the act of April 26, 1906, and as amended by section 8 of the act of May 27, 1908, which is as follows:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein; provided that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States Commissioner, or judge of a county court of the state of Oklahoma."

In so far as the rights of Richardson Peter are concerned, he does not come within the proviso of the above act, to wit, the parent, wife, spouse, or children of said full-blood Indian. See Wilson v. Greer, 50 Okla. 387, 151 Pac. 207. In so far as Richardson Peter is concerned, the proviso to section 23 of the act of April 26, 1906, as amended by section 8 of the act of May 27, 1908, has no application. The will as to Richardson Peter was valid, and the judgment of the trial court, in so far as he is concerned, was clearly erroneous.

In so far as Emely Wilson is concerned, this court in the case of Homer v. McCurtain, 40 Okla. 406, 138 Pac. 807, held, in substance, that the question of whether the will was acknowledged before and approved by a judge of the United States court or

United States commissioner or judge of the county court involved the due execution and attestation of the will, over which the county court had jurisdiction, and where it has been determined upon a contest instituted in the county court prior to probate, it could not be tried again in a collateral attack on the will.

This court in Re Impunnubbee's Estate, supra, followed that same rule, and held that the finding of the county court that the will had been acknowledged and approved as required by law was conclusive. In that case the trial court held that the will did not disinherit Emely Wilson; that finding of the trial court was affirmed by the decision of this court, and was likewise conclusive, and is not subject to collateral attack in this kind and character of proceeding.

It is contended by defendants in error and conceded by plaintiff in error that the case of Homer v. McCurtain, 40 Okla. 406, 138 Pac. 807, and In re Impunnubbee's Estate, supra, have been overruled, and also, under the rule announced in Re Byford's Estate, that Emely Wilson was disinherited as to the surplus allotment within the meaning of the act of Congress. Plaintiff in error contends that this court having sustained the validity of the will the decision of this court is the law of the case, and the judgment sustaining the will is res-adjudicata, even if the law announced in the case has been overruled. This court in the case of Stonebraker v. Ault, 59 Okla. 189, 158 Pac. 570, stated:

"Where this court renders a decision which is afterwards overruled, the decision overruled is the law of the case in which rendered."

See, also, McDuffie v. Geizer Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Dennis v. Kelly, 81 Okla. 155, 197 Pac. 442; Haggerty v. Terwilliger, 67 Okla. 194, 169 Pac. 872; Board of County Com'rs v. Cypert, 65 Okla. 168, 166 Pac. 197; U. S. v. Calif. & Oregon Land Co., 192 U. S. 355, 48 L. Ed. 476. For additional authorities in supporting the proposition that—

"What has been decided by a case afterwards overruled, continues to be the law of the case between the parties and those claiming under them"

—see Bolton v. Hey (Pa.) 31 Atl. 1097; Cain v. Ins. Co. (Ky App.) 93 S. W. 622.

We therefore conclude that the validity of the will having been established in Re Impunnubbee's Estate, supra, the same continues to be the law in the case, and parties who purchased the land thereafter relying upon that decision are protected, even though the law announced in that case has been overruled by a later decision of this court. It must be remembered that this is not a second appeal of the former case, but a proceeding seeking to evade the force and effect of the former judgment and decree by collateral attack.

For the reasons stated, the judgment of the lower court is reversed, and remanded, with directions to render judgment in favor of defendants for costs.

JOHNSON, C. J., and NICHOLSON, HARRISON, and BRANSON, JJ., concur.