## BROWN et al. v. NEUSTADT et al.

No. 19573.   Opinion Filed Oct. 7, 1930.

Sigler & Jackson, for plaintiffs in error.

Dolman & Dyer, for defendants in error.

EAGLETON, C. D. J. Brown and Travis Deaton brought suit against Walter Neustadt and Roger Whitfield to determine their title to certain real and personal property, to enjoin defendants from further trespassing or going upon said property or removing any machinery, tools, or casing therefrom, and for damages for the removal from said premises and conversion of certain casing. The defendants, by answer, claimed to be the owners of the oil and gas well equipment and tools, which had been located on the premises owned by the plaintiffs, under and by virtue of a sheriff's sale held pursuant to a judgment foreclosing mechanics' liens on an oil and gas lease and the oil and gas well equipment used in developing said lease, at which sale they, the defendants, were the purchasers. A demurrer to plaintiffs' evidence was sustained and judgment entered for the defendants. From this judgment, the plaintiffs appeal.

The evidence discloses that a one-year oil and gas lease was given to the Home Oil & Gas Company on April 1, 1922. Extensions thereof were given to August 24, 1924, by which time the Home Oil & Gas Company had abandoned the lease. There was some evidence of some operations thereafter, but that had ceased long before the present suit was filed. On October 14, 1922, the Fox Rig Company filed a mechanic's lien against the Home Oil & Gas Company and the said leasehold. Foreclosure proceeding thereon was instituted on October 10, 1923. . Judgment was entered in that cause October 22, 1926. At the sheriff's sale, held thereunder on December 21, 1926, Walter Neustadt was purchaser. In December, 1926, or January, 1927, the defendants removed a part of the oil and gas well casing located on said premises.

On February 24, 1927, plaintiffs commenced this action in the district court of Carter county. It is the contention of the plaintiffs that the lease was abandoned by the Home Oil & Gas Company by or before the date on which the last extension of the lease expired, that the lessee, under the following provision of the lease:

"Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing"

—was entitled to remove its casing and machinery and fixtures from the lease during the life of the lease and within a reasonable time thereafter, but, having abandoned the lease and not having removed the same therefrom within a reasonable time thereafter, they lost that privilege, and that the mechanic's lien claimant had no greater right than the lessee itself had.

In support of that contention the plaintiffs cite many cases holding that on the forfeiture or abandonment of leased premises the lessee and those holding under him lose their right to go upon the premises and remove fixtures therefrom. Defendants cite numerous cases and authorities holding that a voluntary abandonment of leased premises by the lessee does not destroy the right of those who claim adversely to the lessee to enforce their rights against the property, the fixtures on the premises, even though a lessor has retaken possession.

We do not discuss these cases in detail, for in our opinion our oil and gas well lien statute controls in the determination of this suit. The authorities cited do not consider this statute. This lien statute is in derogation of the common law. The provisions thereof make it unnecessary that we even apply and interpret the provision in the lease contract empowering the lessee to remove the oil and gas well equipment, in the light of the circumstances involved in this cause, to determine whether or not there had been such an abandonment of the lease premises as would cause the lessee or those holding under the lessee to lose the right to remove this equipment. As we read the oil and gas well lien statute, it fully covers the situation we have here and determines it. This statute, section 7464, C. O. S. 1921, reads as follows:

"Any person, corporation or copartnership who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor

or furnish material, machinery and oil well supplies used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipe line, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies; and such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and incumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

It will be observed that thereunder one entitled to a lien by virtue of labor performed or materials furnished on an oil or gas lease or oil or gas pipe line has a lien on (1) the whole of such leasehold, (2) the whole of such oil pipe line, (3) the whole of such gas pipe line, (4) the lease for oil and gas purposes, (5) the buildings and appurtenances of the oil and gas lease, (6) the material and supplies so furnished, (7) the oil and gas well for which materials were furnished or on which labor was performed, (8) all the other oil or gas wells, fixtures, and appliances used in operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. In the instant case the materials and equipment were furnished on a contract with the owner of the leasehold. The lien was timely filed, suit to foreclose the lien was brought within the time provided by statute. Judgment of foreclosure was had, the property was purchased at the sheriff's sale held thereunder by Walter Neustadt, defendant herein. It is no longer

an open question in this state whether or not the equipment on the oil and gas lease need be owned by the owners and operator of the leasehold to be subject to the lien claimant, for, as was held in International Supply Co. v. Conn, 119 Okla. 130, 249 Pac. 900:

"Under section 7464, C. O. S. 1921, laborers' liens for labor performed in drilling a well on an oil and gas leasehold estate attach to the leasehold estate, and each part thereof, and include a lien on the drilling rig and its appurtenances, notwithstanding the drilling rig may belong to a different party than the leasehold estate."

If it be true that the ownership of the equipment and machinery used in the development of an oil and gas lease is not determinative whether or not the one performing labor or furnishing materials is entitled to a lien thereon, how, then, can the owner of the fee be heard to complain that the purchaser at the lien foreclosure sale is not entitled to the equipment he purchased by reason of the abandonment thereof by the holder of the leasehold. We do not think that the position of the plaintiff is tenable. Section 7464, C. O. S. 1921, provides:

"* * * Such lien shall follow said property and each and every part thereof, and be enforceable against the said property wherever the same may be found; and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and incumbrancers of said property or any part thereof. * * *"

The owner of the fee would certainly be in no better position than the one who had purchased this equipment after the same had been carried from a lease. The fee owner paid nothing therefor, he relies upon ownership by possession after the former owner had abandoned it. In addition, he at the time he possessed himself thereof was chargeable with the recorded notice that the lienor was an adverse claimant thereof.

There is no justifiable contention that the lien claimant was not diligent. It had no right to go upon the premises and remove the equipment. Until foreclosure of the lien was had no claimant thereunder had that right. The purchaser at the sheriff's sale immediately after purchasing this equipment commenced removing it, and probably would have completed the job had not this injunction suit been brought.

The plaintiffs further contend that the property was not sold as real estate is required to be sold, that the sale was held on the premises where the property was lo-

cated and not at the court house, as is required by section 713, C. O. S. 1921, so the sale is void. The order of sale, notice of sale, and sheriff's return were introduced in evidence, and we must assume that the other proceedings thereon were regular. They cite authorities that such a sale of real estate is void. We do not think that the plaintiffs are aided by this, for the order of sale contained in the judgment of foreclosure and under which this sale was held provided that the clerk should issue order of sale to the sheriff to levy upon the property and sell the same "according to law." The lease itself had been abandoned and all that remained to be sold was the personal property, the equipment. That is all the purchaser thereat acquired. On general execution personal property is sold where it is located. Section 701, C. O. S. 1921. The sheriff sold this property as he would sell personal property on general execution. If the order of sale provided for in the judgment was improper or the sale was irregularly held under the order of sale, complaint of these irregularities should have been made in that action. The proceedings therein are complete within themselves. The judgment of foreclosure and the order of sale contained therein prescribed, unappealed from, are final adjudications and unassailable by collateral attack. Threadgill v. Colcord, 16 Okla. 447, 85 Pac. 703; Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433.

"Parties, their privies, and purchasers pendente lite are all grouped together as bound by the court's decree. The purchaser pendente lite is not a necessary party, because his vendor or grantor continues as the representative of his interests. * * * He cannot complain if compelled to abide by whatever decree the court may render, within the limits of its power, in respect to the interest his vendor had in the property purchased by him pendente lite." 17 R. C. L. 1031.

The judgment in the foreclosure suit is a final judgment and it is unappealed from. The plaintiffs acquired whatever interest they have, if any, in the personal property remaining on the abandoned oil and gas lease premises by the abandonment of the lease lis pendens the lien foreclosure action, and they have no greater rights than the defendants in that action had. The defendants in that action could not now complain at the determination in that suit, neither can the plaintiffs in this action. Stuart v. Coleman, 78 Okla. 81, 188 Pac. 1063; Daniel v. Hill, 106 Okla. 272, 235 Pac. 1090; Section 260, C. O. S. 1921; Smith v. Curreather's Mercantile Co., 76 Okla. 170, 184 Pac. 102;

Probst v. Bearman, 76 Okla. 71, 183 Pac. 886.

The court did not commit error in sustaining the demurrer to plaintiffs' evidence and rendering judgment for the defendants. The cause is therefore affirmed.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 45 L. R. A. (N. S.) 559; 18 R. C. L. p. 893; R. C. L. Perm. Supp. p. 4544; (2) 17 R. C. L. p. 1031; R. C. L. Perm. Supp. p. 4378; R. C. L. Continuing Perm. Supp. p. 719.