## ASKIN v. TAYLOR-SKINNER PUB. CO. et al.

No. 24695.    March 31, 1936.

Brown Moore and R. J. Shive, for plaintiff in error.

Stanley D. Belden, for defendants in error.

PER CURIAM. The plaintiff in error, Harry Askin, prosecutes this appeal from an order and judgment of the district court of Payne county, which order denied his application to reopen a receivership matter in a cause pending in said court and also held invalid certain claims which he was seeking to assert therein.

The original action was brought in the district court by Everett K. White, as plaintiff, against Taylor-Skinner Publishing Company, a corporation, as defendant, and had for its purpose the recovery of certain sums of money and the appointment of a receiver to take charge and possession of the property, assets and business of the defendant corporation. On the same day that the petition was filed in the district court, i. e., September 16, 1932, the court appointed one W. P. Ballew as receiver of the property and business of the defendant corporation. The receiver thus appointed gave bond and took possession and control of the property and business of said defendant on September 24, 1932. Thereafter, on October 5, 1932, the defendant corporation filed a verified application in said cause wherein it alleged that the action was a friendly one brought at the instance of said defendant and for the purpose of effecting a sale of its assets and the payment in full of all its creditors, and requested that the court direct the receiver to proceed immediately with the sale of said property and the completion of said cause. No action appears to have been had on this application, but on October 10, 1932, the receiver filed petition in the cause for authority to sell all of the assets of the defendant corporation at private sale. This latter application was granted and the order of sale made directing the said receiver to sell at private sale all of the assets of defendant corporation and to make an immediate return of his proceedings thereon. The record fails to disclose any return of sale or any order confirming such sale, although reference thereto is made by the court in his findings in connection with the matter now under review. The record fur-

ther discloses that on October 29, 1932, the receiver filed final report of his acts and proceedings wherein he reported the receipt of the sum of $9,000 from the sale of the assets of defendant corporation, the collection of certain bills receivable, and the expenditure of the entire sum in payment of claims of creditors of the defendant corporation and the expenses incurred in connection with the receivership. On the same day that this report was filed the court entered its order approving and confirming the acts of said receiver in the premises and discharging him and his bondsmen from any further liability in the premises.

Thereafter, on November 5, 1932, the plaintiff in error, who was not a party to the original action and who is not listed as a creditor of the defendant corporation in the report of the receiver, came into court and filed an application to vacate the order of October 29, 1932, and to require the receiver to include his claims among those of the other creditors of the defendant corporation and to make payment of the same in due course. Upon the filing of the aforesaid application the court immediately entered an order setting aside the order of October 29, 1932, and directed the receiver to appear before the court on November 14, 1932, and render a true and correct report of the assets and liabilities of the defendant corporation.

On November 14, 1932, all of the interested parties appeared before the court, and after hearing the testimony and evidence introduced by the respective parties, the court found that the plaintiff in error had been guilty of laches in the presentation of his claim, and thereupon denied his application to reopen the receivership and held the claim of the plaintiff in error to be invalid and reinstated the prior order of October 29, 1932. A motion for new trial was duly filed and overruled and this appeal prosecuted therefrom.

The plaintiff in error assigns seven specifications of error and suggests that they may all be considered together, but in his brief discusses them under five propositions which may be summarized as follows:

(a) The court in rendering judgment was guided by extraneous matters rather than the evidence introduced at the hearing.

(b) Error of the court in the admission of incompetent evidence.

(c) Error in refusing a continuance.

(d) Bias and prejudice on the part of the court.

(e) Error in overruling and denying the motion for new trial.

The record in this case presents an unusual situation. The plaintiff in error was not a party to the original action. After the proceedings in the original action had terminated he appeared for the first time and requested the court to vacate the order approving the receiver's report and to reopen the cause and to permit him to file his claim therein. The court promptly set aside its former order and gave the plaintiff in error a hearing on his application. At this hearing all of the parties were present and the court heard the plaintiff in error fully on both the nature of his claims and the reason why they had not been presented and filed with the receiver. The hearing was before the court and appears to have been conducted in a somewhat informal manner with an apparent desire on the part of the court to arrive at the true underlying facts in connection with said application rather than to confine said hearing within the bounds of strictly technical rules of procedure, and in the course of such hearing the court indicated that he had some independent knowledge of the matters connected with the controversy, but we cannot see from his remarks in this connection that his judgment and ruling appear to have been influenced thereby, much less based thereon as the plaintiff in error would have us believe. The burden in the hearing before the court was upon the plaintiff in error to establish the allegations of his application both as to the meritorious nature of his claims and his good faith and diligence in presenting them and a reasonable and satisfactory showing why they had not been presented in due course to the receiver. The evidence which the plaintiff in error produced, however, was not of that clear satisfactory and convincing kind which might properly have been expected of one in the position which plaintiff in error occupied before the trial court. On the contrary, the record discloses that the receiver upon receipt of the books and records of the defendant corporation notified all persons shown by the books and records to be creditors of said corporation. That the plaintiff in error's name did not appear on said books as a creditor, nor were his claims listed among the liabilities of said corporation. The evidence further shows that the plaintiff in error had actual knowledge of the appointment of the receiver about the time that the appointment was made and in this connection he testified that he wrote the receiver a letter advising him of his claims, but appears to have been

rather vague as to the time and manner in which this letter was written and the nature of the information therein imparted, and on examination by the court thereon appears to be evasive and uncertain. On the other hand, the testimony of the receiver was clear and direct. He testified that he had not received any communication from the plaintiff in error regarding the alleged claims, knew nothing thereof until the receivership matter had been closed. The evidence further shows that the plaintiff in error admits that he loaned the money through one P. J. Nee, who had acted as his agent in the transaction and was fully aware of all of the proceedings had in connection with the receivership during the time such receivership existed. The evidence further shows that the plaintiff in error never actually filed any claim with the receiver nor asserted any claim in connection with the receivership made until after the receiver's sale had been completed, the proceeds of the sale had been distributed, and the receiver discharged, and that then the only claim consisted of a verified application to vacate the order approving the receiver's report and entering his discharge. As stated in 53 C. J. page 237:

"Knowledge of the exclusive possession and control of property by a court through its receiver, places a claimant of ordinary prudence upon inquiry as to all measures requisite for him to pursue in order to share in the distribution. * * * If a reasonable excuse for delaying to make an earlier claim is shown, the court may, in its discretion, permit a creditor to come in and prove his claim at any time before actual distribution, or even after partial payments, if there is a surplus in the hands of the receiver, so as not to interfere with payments already made."

From what has been said above it is apparent that the plaintiff in error did not bring himself within the rule above announced. A creditor who has actual knowledge of receivership which affects his interest, if he desires to participate in the distribution of funds in the hands of the receiver, is bound to exercise reasonable diligence in filing his claim and in making proof thereof. If he stands aloof and takes no action, he does so at his peril. The trial court found that the plaintiff in error had been guilty of laches in presenting his claim and consequently denied the application to reopen the receivership and to permit plaintiff in error to participate in the funds which had already been paid out and distributed. This was within the sound legal discretion of the trial court, and from a review of the evidence we cannot say that this discretion was abused.

neither can we find that the judgment of the court in this respect was based upon matters extraneous to the evidence; on the contrary, we are of the opinion that the evidence before the court amply supports the finding of laches on the part of both plaintiff in error and his agent, and that therefore there was no error in denying the application to reopen the receivership matter.

The plaintiff in error next contends that the court committed error in the admission of certain incompetent evidence over his objections and exceptions. The record discloses that the evidence concerning which complaint is made had been previously elicited from the witnesses appearing before the court and that the plaintiff in error had expressly withdrawn his objection to such testimony and permitted the same to be introduced fully without objection, and it was only when another witness attempted to testify concerning the same subject-matter within the scope of the previous inquiry that objections were interposed and exceptions saved. Since the testimony to which the objections were interposed had no probative value, the objection thereto should have been sustained, but under the circumstances we are of the opinion that the error complained of was harmless. In a case tried to the court without the intervention of a jury, it will be presumed that the court will not consider or be influenced by any incompetent evidence which may be introduced in any hearing before him, but, on the contrary, in making his findings of fact and entering his judgment in said cause, that he will exclude therefrom any and all such incompetent evidence that may have been introduced.

The plaintiff in error next urges that the court committed error in refusing his application for a continuance on account of absent witnesses. There was no attempt made to comply with the statutory requirements with reference to a continuance, neither was there any showing of diligence on the part of the plaintiff in error in the procurement of said absent witnesses, nor was there any showing as to the matters which plaintiff in error expected to prove by such witnesses. Under these circumstances the granting or refusing of the application for continuance was wholly discretionary with the trial court. And there is no showing of any abuse of the discretion of the court in this regard. As we have said in N. S. Sherman Machine & Iron Works v. R. D. Cole Mfg. Co., 51 Okla. 353, 151 P. 1181:

"Continuances for the absence of witnesses, or of a party to the action, are addressed largely to the discretion of the trial court;

and this court will not review such discretion, unless it has been abused."

The plaintiff in error appears to have abandoned the charge of bias and prejudice on the part of the trial judge, and a careful examination of the record fails to disclose anything which would reasonably support such a charge.

The plaintiff in error urges, however, that even though his application to reopen the receivership matter and to have his claim considered therein was barred by laches, nevertheless the court went outside of the issues and outside of its jurisdiction in holding "that the notes held by the claimant, Harry Askin, are not a valid claim against the firm of Taylor-Skinner Publishing Company, a corporation, that said claims should be and are hereby disallowed."

We are of the opinion that this contention is well taken. The matter before the trial court involved solely the granting or refusal of the application to reopen the receivership. The hearing should have been confined thereto. Whether the notes were valid or invalid was not an issue. The court had no jurisdiction to determine the question; therefore, the judgment, in so far as it purports to decide such issue, is void.

As we have heretofore pointed out in the case of Roth et al. v. Union Nat. Bank of Bartlesville, 58 Okla. 604, 160 P. 505:

"It may be here observed, as held in Jefferson v. Gallagher, 56 Okla. 405, 150 P. 1071, that a judgment or decree is void, and therefore subject to collateral attack: (1) Whenever the court is without jurisdiction of the parties, if the judgment is to bind them personally instead of merely as a judgment in rem; (2) whenever the court is without jurisdiction of the subject-matter in general, and (3) whenever the court is without jurisdiction of any particular matter decided. In the case of Clark v. Arizona Mut. Savings & Loan Ass'n (D. C.) 217 Fed. 640, affirmed in Farmers' & Merchants' Bank of Phoenix, Ariz., v. Arizona Mut. Savings & Loan Ass'n, 220 Fed. 1, 135 C. C. A. 577, where a number of the decisions of the Supreme Court of the United States touching this question are cited and quoted, it is held in the second paragraph of the syllabus:

" 'Although a court has jurisdiction of the subject-matter of an action or of the parties, its power to render a valid judgment is, nevertheless, limited by the nature of the suit and the issues made by the pleadings, and if it transcends such limits, it judgment is without jurisdiction and void.'

"In 24 Cyc. 684, it is said:

" 'In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment presumes to decide, or of the particular remedy or relief which it assumes to grant, and should not undertake to pass upon matters outside the issue.'

"Also, see 1 Bailey on Jurisdiction, sec. 24, p. 21.

And as further said in the same opinion, at page 615, quoting from 1 Bailey on Jurisdiction:

"A court must proceed and determine within the limits of the power conferred. If it renders a judgment in an action or proceeding, where jurisdiction has attached, that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity. So, if it render a judgment or decree which is within its authority as to part only, but includes also that which is not within its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court."

Since the plaintiff in error was not a party to the action except in so far as his motion to vacate the order and approval of the report of the receiver, and since that portion of the judgment which was outside of the issues before the trial court is separable from the other portion, and since the publishing company by the affidavit of its managing officer acknowledged liability on the notes of the plaintiff in error, we are of the opinion that the order of the trial court should be corrected by striking therefrom the language above quoted and substituting therefor the following:

"That the notes held by Harry Askin are not a valid claim against W. P. Ballew as receiver of Taylor-Skinner Publishing Company, a corporation, and such claims should be and are hereby disallowed as a claim against said receiver."

And as thus modified, the judgment of the trial court should be affirmed.

Judgment modified and affirmed.

McNEILL C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.