## O'HERN v. HATTER.

No. 30050.   Oct. 14, 1941.

Rehearing Denied Nov. 25, 1941.

*119 P. 2d 48.*

John M. Wheeler and John M. Wheeler, Jr., both of Tulsa, for plaintiff in error.

Hughey Baker and Holly L. Anderson, both of Tulsa, for defendant in error.

664

OSBORN, J. Plaintiff, Henry Hatter, sued the defendant, Ray O'Hern, in the court of common pleas of Tulsa county for damages resulting from personal injuries. The cause was tried to a jury and a verdict was returned in favor of plaintiff. From a judgment thereon, the defendant has appealed. The parties will be referred to as they appeared in the trial court.

It appears that plaintiff had been employed by defendant as a farm hand; that on September 3, 1939, an altercation arose between them with reference to payment of wages; that defendant fired at plaintiff with a shotgun and the shot took effect in plaintiff's wrist and hand. As a result of the shooting it became necessary for the left hand and a portion of the wrist to be amputated. The evidence is in hopeless conflict. Plaintiff's testimony was to the effect that he was the victim of an unprovoked assault; the defendant offered evidence to the effect that the shot was fired in necessary self-defense. The jury determined the issues of fact in favor of plaintiff and fixed the amount of recovery at $1,800.

Upon appeal it is urged by defendant that the trial court erred in denying an application for a continuance of the trial on the ground of the absence of a material witness. Defendant's affidavit was to the effect that one Cecil Allison was an eyewitness to the difficulty between plaintiff and defendant, and that he had been unable to learn the whereabouts of said witness, and if the trial of the cause was continued he would have opportunity to locate said witness and obtain his testimony. It is the rule in this jurisdiction that an application for a continuance on the ground of absence of a witness requires the exercise of the judicial discretion of the trial court, and a ruling on such application will not be disturbed in the absence of a showing of an abuse of such discretion. Schuman's, Inc., v. Missy Dress Co., 172 Okla. 211, 44 P. 2d 862; Askin v. Taylor-Skinner Pub. Co., 176 Okla. 438, 56 P. 2d 379; Oil Reclaiming Co. v. Reagin, 169 Okla. 505, 37 P. 2d 289. It appears that the testimony of the absent witness would have been corroborative of other evidence which was presented in behalf of defendant. There was no abuse of discretion in the denial of the application for a continuance.

As a second proposition for reversal, defendant complains of a refusal of the trial court to give a requested instruction. It appears that defendant requested an instruction to the effect that if plaintiff attacked the defendant or attempted a design upon the life of defendant, defendant might resist and use all necessary force to prevent the accomplishment of such design, even to the extent of taking the life of plaintiff. In this connection it appears that the instructions given by the court are ample and sufficient insofar as the presentation of defendant's theory of the case is concerned; therefore, no error is shown in the trial court's refusal to give the instruction which was specifically requested by the defendant.

Finally, it is urged that the trial court abused its discretion in the denial of defendant's motion for new trial on the ground of newly discovered evidence. Attached to the motion for new trial were two affidavits. One Otis Allison executed an affidavit in which he stated that he lived near Bixby, in Tulsa county, and was the brother of Cecil Allison, and that he did not know of the whereabouts of Cecil Allison, but expected him to return to Bixby in a few weeks. One Hoyle Marshall signed an affidavit in which he averred that on February 11, 1940, plaintiff came to his home and requested the affiant to drive him to the home of Ray O'Hern; that about a quarter of a mile from the gate leading into the O'Hern place, plaintiff asked the affiant to stop the car; that plaintiff began to search for a knife and finally picked up a knife near the fence; that plaintiff told him that following the difficulty with defendant he threw the knife there while on his way to see a doctor to dress his wounds for the reason that he did not want the doctor or "the law" to find a knife on his person.

Affiant further averred that he did not tell defendant about the facts stated in the affidavit until February 25, 1940.

The applicable rule was stated in the case of Missouri, K. & T. R. Co. v. Embrey, 168 Okla. 433, 33 P. 2d 481, as follows:

"A rule of wide recognition regarding granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.

"The granting of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court, and where the trial court overrules said motion, this court will, in the absence of abuse of discretion, affirm the action of the trial court."

Since it appears that the proffered testimony of Cecil Allison would have been cumulative, and the evidence of Hoyle Marshall would have been merely to impeach or contradict the former evidence, and would not tend to prove a distinct and material fact which would probably produce a different result, it is clear that the trial court did not err in overruling the motion for new trial. See Belford v. Allen, 183 Okla. 256, 80 P. 2d 671.

The judgment is affirmed.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.