STATE ex rel. COMMISSIONERS OF
LAND OFFICE
v.
KELLER et al.

No. 35351.

Supreme Court of Oklahoma.

Dec. 15, 1953.

744

HALLEY, Chief Justice.

In 1921 R. A. Keller and wife, Lillian R. Keller owned 100 acres of land in Love County, Oklahoma and on November 15, 1921, they secured a loan of $1,250 from the Commissioners of the Land Office, herein called the Commissioners, and executed a note therefor and mortgage on their land to secure payment of the note, the principal being due November 15, 1926, and having attached to the note interest coupons due one each year for $31.25.

Upon failure to make the interest payments, the Commissioners on July 27, 1927, filed a foreclosure action in the District Court of Love County, C. W. Glazener, Teague Company, and W. C. Foster being made parties defendant under the allegation that these parties claimed some inferior interest in the land. R. A. Keller and Lillian Keller were served with summons, and these defendants filed a motion to quash service and summons.

In August 1933, the Kellers filed a motion alleging that on April 29, 1929, a judgment was rendered in favor of the Commissioners and against movants in the sum of $1,814.53 and foreclosing the Commissioners' mortgage, but providing that no deficiency should be entered against the Kellers and that the cause should be continued as to the other defendants who had not been served.

The Kellers further alleged that the Commissioners had failed and neglected to prepare and file a journal entry of the judgment which appears to have been entered upon stipulation, and that they had also failed to serve the other defendants or to make R. D. Fuller a party defendant, as had been authorized by the court.

The Kellers attached a copy of their proposed journal entry showing judgment upon their note and foreclosing the mortgage against their land. They prayed that notice be given to show cause why the proposed journal entry should not be entered nunc pro tunc.

Upon hearing this motion, the court ordered the parties to draw a journal entry. An application for the appointment of a receiver was granted and W. C. Butler ap-

R. H. Dunn, Rupert E. Wilson, Jr., Oklahoma City, for plaintiff in error.

C. C. Wilkins, J. W. Dixon, Marietta, for defendants in error.

pointed. The journal entry of judgment was entered July 31, 1943, showing judgment as of April 29, 1929.

September 24, 1943, the Kellers filed a second application to have a journal entry entered nunc pro tunc, showing judgment rendered on stipulation April 29, 1929. On September 30, 1943, a journal entry was filed and entered in accord with that above mentioned, containing a stipulation that no deficiency judgment should be entered against the Kellers, but gave the Commissioners a judgment for $1,814.53 with interest, and providing that if defendants failed to pay the judgment within six months an order of sale should issue ordering the sheriff to sell the land involved without appraisement and apply the proceeds upon the judgment.

On October 5, 1943, the Commissioners filed a motion to modify or vacate the judgment by eliminating the clause providing for no deficiency judgment, and alleging that such clause was beyond the authority of the Commissioners, or that the decree be vacated if modification could not be made. A minute dated October 28, 1943, recites that this motion was held premature since no deficiency yet existed.

March 20, 1945, the Commissioners asked that an order of sale issue. Such order was issued and executed by selling the land to the State for the sum of $2,000. The Commissioners moved that the sale be confirmed and order of confirmation was entered April 24, 1945.

December 5, 1950, the Kellers filed a motion to vacate the judgment, sale and order of confirmation upon the ground that the court did not have proper jurisdiction of defendants at the time judgment was entered; that summons was not served upon C. W. Glazener; that the judgment confirming the sheriff's sale was void because the court had no jurisdiction over C. W. Glazener and because R. A. Keller had died April 2, 1944, and the judgment against him entered September 30, 1943 was dormant and not revived; the order of sale, notice of sale and order of confirmation were all alleged to be void as being entered under a dormant judgment; that the

judgment and sale constituted a cloud upon the title of defendants.

December 16, 1950, the Commissioners dismissed their action against the three defendants who were not served with summons.

The Commissioners also filed a response to defendants' motion to vacate and set up that all of the heirs of R. A. Keller, deceased, except Lillian Keller, had conveyed all their interest in the land to her, the surviving wife of R. A. Keller.

When the case came on for trial September 19, 1951, much documentary evidence was introduced. It consisted largely of deeds showing various conveyances of interest in the land, all of which were dated subsequent to plaintiff's mortgage. The court stated that the case was very unusual and complicated, but rendered judgment setting aside the judgment rendered in favor of the Commissioners, entered April 29, 1929, by nunc pro tunc order dated September 30, 1943. Five reasons were given for setting the judgment aside. They are as follows:

"1. That the Court did not have proper jurisdiction of the defendants.

"2. That the Court did not have jurisdiction of the particular matter covered in the judgment.

"3. That the Court did not have jurisdiction to include in the judgment a release of the deficiency judgment under and by virtue of a stipulation and agreement entered into in open Court by the plaintiff and the plaintiff and the defendant, R. A. Keller.

"4. That the Court did not have proper jurisdiction of the matter included in the judgment.

"5. That the Court was prohibited by law from entering the judgment." C.–M. 138–139.

The Commissioners have appealed and submit six reasons why the judgment of the court in setting aside the foreclosure judgment, the sale of the land thereunder, and order of confirmation was erroneous.

■ The Commissioners first contend that the judgment rendered in their favor

against R. A. and Lillian Keller on their note and foreclosing the mortgage was a final determination of the rights and liabilities of the named defendants. Both journal entries were prepared by these defendants and the case continued as to the other defendants. They cite Sec. 178, 12 O.S.1951, which is as follows:

"Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows:

"First. If the action be against defendants jointly indebted upon contract, tort, or any other cause of action, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served.

"Second. If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

█ Whatever interest was acquired by the defendants, Glazener, Teague Company, and W. C. Foster, was acquired from R. A. and Lillian Keller after these defendants had executed the mortgage to the Commissioners and pending the foreclosure action. Sec. 180, 12 O.S.1951 provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

In Brown v. Neustadt, 145 Okl. 140, 292 P. 73, 76, it was said:

"* * * If the order of sale provided for in the judgment was improper or the sale was irregularly held under the order of sale, complaint of these irregularities should have been made in that action. The proceedings therein are complete within themselves. The judgment of foreclosure and the order of sale contained therein prescribed unappealed from are final adjudications and unassailable by collateral attack. Threadgill v. Colcord, 16 Okl. 447, 85 P. 703; Eaves v. Mullen, 25 Okl. 679, 107 P. 433.

"'Parties, their privies, and purchasers pendente lite are all grouped together as bound by the court's decree. The purchaser pendente lite is not a necessary party, because his vendor or grantor continues as the representative of his interests. * * * He cannot complain if compelled to abide by whatever decree the court may render, within the limits of its power, in respect to the interest his vendor had in the property purchased by him pendente lite.' 17 R.C.L. 1031."

We conclude that the judgment of foreclosure was valid as to the Kellers and also valid and binding as to their grantees who undertook to acquire some interest in the land, pendente lite.

It is next contended that the judgment is valid on its face. There is no dispute that that phase of the judgment relieving the defendants of a deficiency judgment would have been declared void if properly attacked. The court had jurisdiction over the Kellers, the subject matter, which was the land. Did it have power to render the judgment it did render? The judgment roll showed on its face that the court had the authority to enter the judgment it did render unless the deficiency provision, admittedly outside the power of the court, rendered the judgment void on its face.

In Fenimore v. State, 200 Okl. 400, 194 P.2d 852, 854, this court held that Sec. 686 of 12 O.S.1951, requiring a judgment creditor in a mortgage foreclosure case to take

steps in 90 days after sale of the mortgaged property to determine the difference between the debt and the fair market value of the mortgaged property, and the entry of a deficiency judgment for that amount, was not applicable to the state because of the following proviso in that section which is as follows:

"Provided that nothing in this section shall limit or reduce any deficiency judgment in favor of or in behalf of the State for any debts, obligations or taxes due the State, now or hereafter."

In 49 C.J.S., Judgments, § 450, the general rule as to the partial invalidity of a judgment is discussed in the following language:

"A judgment is wholly void where it is void in part and the part which is void is not separable and divisible from the balance. It has been said that a judgment must be either valid or void as a whole, and that a judgment cannot be bad in part and good in part, but is wholly void if void in part. On the other hand, it has generally been held that a judgment may be valid in part and void in part where the parts which are valid and void are separable; the fact that part of the judgment is void does not necessarily invalidate the entire judgment, nor does the fact that part of the judgment is valid validate the portion of the judgment that is void. The court may treat the void part of the judgment as erroneous surplusage which may be disregarded, leaving the remainder of the judgment standing. Where a judgment declares a personal liability, and also determines rights in property, the judgment may be good as a personal judgment, although bad in so far as it affects the property, or it may be good as to the property involved and void as a personal judgment. As to jurisdiction of the subject matter, it seems that, although the judgment may go beyond the issues and grant relief not asked for, or not within the competence of the court, yet it may be good for as much as the court had power and authority to include in it. It has been held that a judgment in excess of the relief authorized is void only as to the excess."

In In re Jackson's Estate, 117 Okl. 151, 245 P. 874, 875, it is announced in the third syllabus:

"If a judgment or decree includes a decision of an independent and separable subject-matter or question within and an independent and separable subject-matter or question beyond its jurisdiction, the same is valid as to the former and a mere nullity as to the latter, and is not void in toto."

In Fluke v. Douglas, 158 Okl. 300, 13 P.2d 210, 211, the rule is announced in the fourth syllabus as follows:

"Though a finding or order for a deficiency judgment against the estate of a deceased mortgagor may be void, this will not invalidate that part of the judgment which forecloses the mortgage and directs a sale of the property."

In Fitzsimmons v. City of Oklahoma City, 192 Okl. 248, 135 P.2d 340, 341, the second, third, and fourth syllabi are as follows:

"A judgment is no less conclusive because it is based upon a mistake of law."

"A judgment rendered in a civil action, under a statute which is thereafter, and in another action, held unconstitutional, is, as a general rule, valid and not subject to collateral attack."

"Where judgment is rendered in a foreclosure proceeding to satisfy special assessments, and the property is purchased by the owner, and the proceedings are in compliance with a particular statute authorizing such proceeding, and thereafter the statute is adjudged to be unconstitutional by the Supreme Court, the judgment is not void so as to be subject to collateral attack because (a) the law was thereafter adjudged to be unconstitutional, or (b) because the owner was permitted to buy the property at the foreclosure sale, or (c) because the effect of the judgment and sale was to impair

the obligation of the bonds secured by the special assessments."

In Talley v. Harris, 199 Okl. 47, 182 P.2d 765, 770, it was contended that the judgment under consideration was void upon the face of the judgment roll. In the body of the opinion it was said:

"* * * While the judgment rendered was erroneous (In re Rossiter's Estate, supra [191 Okl. 342, 129 P.2d 856]), it is not void. The court had jurisdiction over the parties and the subject matter of the action. It had jurisdiction to pass upon the question there presented. It had power and authority to render the particular judgment in question. The judgment is not void on its face. The court ruled correctly in sustaining the executor's plea of estoppel by judgment and denying appellant's claim for widow's allowance."

■ What we have said above is sufficient to warrant the conclusion that the validity of the judgment is not affected by that portion releasing any deficiency judgment. The judgment was plainly divisible because it was divided into three distinct parts. One part was for a money judgment on the note; second, foreclosing the mortgage lien and ordering a sale; and third, undertaking to release defendants from any deficiency judgment.

■ The last phase of the judgment could easily be eliminated without affecting the first two parts. In Askin v. Taylor-Skinner Pub. Co., 176 Okl. 438, 56 P.2d 379, 380, it was said in the fifth syllabus:

"If a judgment or decree includes a decision of an independent and separable subject-matter or question within, and an independent and separable subject-matter or question beyond, its jurisdiction, the same is valid as to the former and a mere nullity as to the latter, and is not void in toto. Roth v. Union Nat. Bank of Bartlesville, 58 Okl. 604, 160 P. 505."

In Roth v. Union Nat. Bank of Bartlesville, 58 Okl. 604, 160 P. 505, the same rule is announced in the second and third syllabi.

■ The record clearly shows that the Kellers moved the court to enter the journal entry releasing them from any deficiency judgment. Their position in this regard was for their own benefit. They doubtless knew or anticipated that the land would not sell for enough to pay the amount of the original judgment, plus interest for so many years.

The general rule of estoppel is announced in 49 C.J.S., Judgments, § 284:

"While it has been held that estoppel may not be invoked in support of an invalid proceeding or a void judgment, in general a person who would ordinarily be entitled to apply for the vacation of a judgment may waive the right to such relief, or be estopped by his conduct to ask for it. The right to have a judgment opened on the ground of fraud may be waived by the party injured, or he may be estopped by his subsequent conduct to apply for such relief.

"Conduct constituting waiver or estoppel. Waiver or estoppel generally results where the party injured acquiesces in the rendition of the judgment, or in the effect of the judgment as rendered, or acknowledges its binding force, or receives and retains benefits accruing to him under it, * * *."

In 31 Am.Jur. 92, § 432, it is said:

"The circumstances of a particular case may be such as to estop a person from setting up the invalidity of a judgment. In this connection it has been held that a party cannot be heard to impeach a judgment which he himself has procured to be entered in his own favor, and that one who accepts and retains the fruits of a void judgment is estopped from denying its validity. * * *"

This court, in Johnson v. Gibson, 93 Okl. 194, 220 P. 47, 49, quoted with approval from Territory v. Cooper, 11 Okl. 699, 69 P. 813, wherein it is said:

"'Where one voluntarily assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he will not thereafter, because his interests have changed, be permitted to

assume a contrary position, to the prejudice of a party who acquiesced in the position formerly taken by him.' "

■ The Kellers filed an application to have the judgment now complained of entered, and in open court clearly took the position that the proposed journal entry constituted a judgment entered against them in 1929. It must have been because the proposed journal entry undertook to relieve them of any deficiency judgment. We conclude that they cannot now complain and take the position they now assume by contending that the judgment is now void on its face and subject to collateral attack. They themselves consented to its rendition and procured its entry by order nunc pro tunc. The court found that no deficiency judgment be entered " * * * under and by virtue of a stipulation and agreement entered into herein in open Court by the plaintiff and defendant, R. A. Keller, * * *."

■ The order of sale was issued more than a year after the death of R. A. Keller and no revivor was undertaken. In Ray v. Elson, 190 Okl. 245, 123 P.2d 245, this court passed upon this question and said:

"In an action to foreclose a real estate mortgage where one of the judgment debtors died after the entry of final judgment and decree of foreclosure, a valid order of sale may be issued without making the heirs and representatives of said deceased defendant parties to said judgment as provided by Section 589, O.S.1931, 12 Okl.St.Ann. § 1077."

It is contended that the judgment is void because the order of sale was issued more than six years after the rendition of the foreclosure decree on July 29, 1929. On April 11, 1944, this court held in Methvin v. American Savings & Loan Association of Anadarko, 194 Okl. 288, 151 P.2d 370, 371, that:

"A mere decree of foreclosure is not such a judgment as would become dormant unless execution was issued as required by 12 O.S.1941 § 735."

The above rule was in effect at the time the sheriff's sale to the Commissioners was confirmed.

In 1951, in North v. Haning, 204 Okl. 321, 229 P.2d 574, 578, this court overruled the Methvin case, supra, but acknowledged that the rule of law adopted in that case was part of the law of this state in the following language:

"We are not unmindful that in Anderson v. Barr, 178 Okl. 508, 62 P.2d 1242, and in Methvin v. American Savings & Loan Ass'n, 194 Okl. 288, 151 P.2d 370, 371, there are expressions to the effect that section 735 does not apply to a decree of foreclosure, albeit the expression in the Anderson case was not in determination of an issue in that case. In these cases the discussion concerned a judgment rendered in an action for the foreclosure of a mortgage lien. In the Methvin case it was said in paragraphs 10 and 11 of the syllabus:

" 'A mortgage lien on real estate is not merged into a decree of foreclosure, nor is it extinguished by the mere rendition of a decree of foreclosure.

" 'A mere decree of foreclosure is not such a judgment as would become dormant unless execution was issued as required by 12 O.S.1941 § 735.'

"In so far as the above last stated general rule from the Methvin case is in conflict with the views we have expressed herein, the said general rule is overruled, and likewise the expressions in dicta in the Anderson case are disavowed."

The North v. Haning case was decided November 14, 1950, and on December 5, 1950, the defendants filed their motion to vacate the judgment of foreclosure. The Commissioners on April 24, 1945, bid in for the State the land foreclosed against. They acquired their rights while the rule announced in the Methvin case was in effect.

In Latimer v. Vanderslice, 178 Okl. 501, 62 P.2d 1197, 1198, this court announced a

correct rule of law upon this issue and said:

"A judgment not appealed from is no less conclusive because it is based upon a mistake of law; and, when a judgment is appealed from and affirmed by this court, it becomes final, and although later decreed to be erroneous its finality cannot be attacked."

▮▮▮▮▮▮ We think it clear that defendants should have objected to the foreclosure decree prior to the time the order of confirmation was entered. It was on that date that the foreclosure judgment became final. All of the defendants are in privity with R. A. Keller and wife, their predecessors in title.

In Gillespie v. Wilson, 101 Okl. 62, 221 P. 82, this court considered the question of the effect of overruling a prior decision where property rights had been acquired while the former decision was in effect. In the second and third syllabi, the rule was announced as follows:

"What has been decided by a case, afterwards overruled, continues to be the law of the case between the parties and those claiming under them.

"A judgment, although erroneous, is binding between the parties, unless reversed."

In Stonebaker v. Ault, 59 Okl. 189, 158 P. 570, it was said:

"Where this court renders a decision which is afterwards overruled, the decision overruled is the law of the case in which rendered."

When the North v. Haning, supra, decision ruled that Sec. 735, 12 O.S.1951, generally referred to as the "Dormancy Statute," was applicable to foreclosure actions by the State, and expressly overruled the rule of law announced in the Methvin case in the eleventh syllabus, to the effect that a decree of foreclosure is not such a judgment as would become dormant unless execution was issued, the Commissioners bid in the land at the foreclosure sale while the rule in the Methvin case was still in effect.

While the decision in North v. Haning, supra, does not expressly make the rule there announced prospective in effect, we must assume that the court did not intend to make it retroactive and thus deprive those who had relied upon the previous decision of this court in acquiring valuable property rights while the Methvin decision was the law.

The Circuit Court of Appeals for the Tenth Circuit held to the same effect in Weston v. Poland, 48 F.2d 738, and said in the second syllabus:

"Settled construction of statute, when title to realty is acquired thereunder, becomes rule of property and protects purchaser."

In Gillespie v. Wilson, 101 Okl. 62, 221 P. 82, the rule was announced in the second syllabus as follows:

"What has been decided by a case, afterwards overruled, continues to be the law of the case between the parties and those claiming under them."

We note that in the brief of defendants they have tendered and still offer to pay the full amount due the Commissioners, including principal, interest, costs, and attorneys' fees. It should be kept in mind that the Commissioners are here acting as trustees and have no authority to surrender any rights that might be lost in releasing any part of the school funds entrusted to their care. Their duty is clear. If they have acquired the land involved legally, there is but one method by which they can legally dispose of it. That method is set out in 64 O.S.1951, § 82 in unmistakable terms. The land must be considered more valuable than the amount now due the Commissioners.

We think the judgment of the court is erroneous and it is hereby reversed with instructions to enter judgment for the Commissioners.

JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.

ARNOLD and BLACKBIRD, JJ., dissent.